IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02305-MSK-MEH

JOHN NGUYEN,

      Petitioner,

v.

J. M. WILNER, Warden, FCI-Florence

      Respondent.

---

## RECOMMENDATION ON PETITIONER JOHN NGUYEN'S APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Pending before the Court is Petitioner John Nguyen's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [filed October 24, 2008; docket #3]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the application is referred to this Court for recommendation. (Docket #12.) The application is briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons stated herein, the Court **RECOMMENDS** that Petitioner's § 2241 Application be **DENIED**.[1]

---

[1]Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved

I.      **Background**

Petitioner Nguyen is presently in the custody of the CCM Raleigh Community Corrections Office, which is a component of the Federal Bureau of Prisons ("BOP").[2]  According to the Notice filed by Petitioner on June 1, 2009, Petitioner resides at a Residential Reentry Center in New Church, Virginia.  (Docket #19.)  On November 21, 2005, the U.S. District Court for the Central District of California sentenced Petitioner to a total term of 57 months of imprisonment followed by three years of supervised release, after he pled guilty to conspiracy with intent to distribute and to distribute MDMA, also known as "Ecstasy."  (Docket #3 at 6-7; docket #15 at 3.)  Petitioner was serving his sentence at the Federal Correctional Institution in Florence, Colorado when he submitted this Section 2241 application.  (Docket #3 at 1.)  Petitioner's projected release date is October 18, 2009.[3]

Petitioner initiated this action by filing *pro se* this application on October 24, 2008.  The government submitted a preliminary response on November 18, 2008, as ordered by the District Court.  (Dockets #4, 8.)  The application was referred to this Court on November 24, 2008.  (Docket #12.)  The government filed a response to the District Court's Order to Show Cause on January 22, 2009, and Petitioner replied on February 6, 2009.  (Dockets #12, 15, 17.)

---

party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]The Court confirmed Petitioner's location on July 27, 2009, through the BOP Inmate Locator website *available at* http://www.bop.gov/iloc2/LocateInmate.jsp.

[3]Also confirmed through the BOP Inmate Locator website, *supra* note 2.

Petitioner alleges Respondent "wrongfully retroactively revoked" Petitioner's "provisional eligibility" for the one-year early release incentive authorized by 18 U.S.C. § 3621(e)(2)(B).[4] (Docket #3 at 2.)  Petitioner describes how he began serving his sentence at the Federal Correctional Institution-Victorville in Adelanto, California, and BOP officials at that institution conducted an initial interview regarding Petitioner's eligibility for participation in the Residential Drug and Alcohol Treatment Program ("RDAP") offered by the BOP.  (*Id.* at 7.)  Petitioner recounts that he "was found eligible for participation in RDAP and provisionally eligible for the one-year sentence reduction afforded pursuant to Title 18 USC § 2621(e)(2)(B)."  (*Id.*)  Petitioner was then transferred to the Federal Correctional Institution in Florence, Colorado, for purposes of participating in RDAP. (*Id.* at 7-8.)  BOP officials at the Florence institution "revisited" the determination of the Victorville BOP officials regarding the one-year sentence reduction and ultimately revoked Petitioner's provisional eligibility, due to a prior conviction that the BOP designated as an aggravated assault. (*Id.* at 8; docket #17 at 3.)  Petitioner asserts the "retroactive revocation" violates his rights pursuant to *Harris v. Daniels*, 466 F. Supp. 2d 1239 (D. Or. 2006).  (*Id.*)  Petitioner asks the Court to restore his "provisional eligibility" for the one-year sentence reduction and reduce his term of supervised release "by at least two (2) years for the loss of any portion of the sentence reduction afforded pursuant to § 3621(e)."  (*Id.* at 5.)

In response, the government contends that even though Petitioner qualifies for participation in RDAP, "his prior convictions for assault with a deadly weapon disqualify him" for the one-year sentence reduction incentive.  (Docket #15 at 1-2.)  The government represents that the initial

---

[4]18 U.S.C. § 3621(e)(2)(B) states "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

determination of Petitioner's eligibility was a mistake corrected by the Florence institution officials in June 2007, "well before [Petitioner] entered the RDAP program in January 2008." (*Id*. at 2.) The government asserts that "the statutory and regulatory restrictions governing sentence reduction" and Tenth Circuit case precedent preclude the relief requested by Petitioner. (*Id*.) Specifically, the government states no liberty interest in early release exists, and thus no due process right exists; a provisional determination of eligibility does not constitute a contractual obligation; and equitable estoppel is inapplicable to Respondent's lawful determination of Petitioner's ineligibility. (*Id*. at 15.)

In his Reply, Petitioner raises two new arguments in addition to his claim of retaining a liberty interest in the provisional eligibility pursuant to *Harris*. First, Petitioner contends the prior conviction relied upon by the BOP officials in Florence "does not meet the threshold determination for aggravated assault within the meaning and context of 28 CRF [sic] § 550.58(a)(1)(vi)." (Docket #17 at 3.) Second, Petitioner believes the BOP violated the *Ex Post Facto* Clause by applying a regulation enacted on July 1, 2008, to the provisional eligibility grant dated October 10, 2006. (*Id*. at 5-6.)

For the following reasons, the Court agrees with Respondent and recommends Petitioner's application be denied. To ensure a thorough review, the Court addresses Petitioner's three arguments in turn.

## II.  <u>Standard of Review</u>

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations

and citations omitted).  The court should not be the *pro se* litigant's advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A Section 2241 habeas proceeding is "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."  *Hernandez v. Davis,* No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *7 (D. Colo. July 30, 2008) (citing *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir. 2001) (emphasis added)).  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  *E.g., Hobbs v. Rios*, 215 F. App'x 773 (10th Cir. 2007) (evaluation of request for sentence reduction due to completion of RDAP pursuant to Section 2241).  Here, Petitioner correctly filed his petition pursuant to 28 U.S.C. § 2241 in the District of Colorado where he was incarcerated at the time of filing.

**III.   Analysis**

**A.    *Liberty Interest in Provisional Eligibility***

Petitioner believes that, pursuant to *Harris v. Daniels*, 466 F. Supp. 2d 1239 (D. Or. 2006), "provisional eligibility for the one-year sentence reduction can not [sic] be retroactively revoked because of an eligibility determination error by BOP program administrators."  (Docket #3 at 9.)  In *Harris*, the District of Oregon determined that Ninth Circuit precedent dictated "a retroactive revocation of an inmate's early release eligibility is [ ] improper when deployed as an attempted correction of a mistake committed by a BOP administrator."  466 F. Supp. 2d at 1242 (citing *Bowen*

5

*v. Hood*, 202 F.3d 1211 (9th Cir. 2000); *Cort v. Crabtree*, 113 F.3d 1081 (9th Cir. 1997)).  The

*Harris* Court based this conclusion on the legitimacy bestowed upon a prisoner's expectation of

early release by 18 U.S.C. § 3621(e), 5 U.S.C. § 706, and the Due Process Clause of the Fifth

Amendment.  *Id*. at 1241-42.

       Although other Circuits' determinations may be persuasive, this Court is bound by Tenth

Circuit case precedent.  Two cases decided by the Tenth Circuit directly address Petitioner's claims.

First, in a case relied upon by the government in this matter, the Tenth Circuit determined that a

prisoner's early release eligibility status failed to create a contractual relationship between the

prisoner and the BOP, thus, the BOP acted within its discretion when it declined to release the

prisoner after his completion of RDAP.  *Seacrest v. Gallegos*, 30 F. App'x 755, 756 (10th Cir. 2002)

(unpublished).  The BOP provisionally changed the *Seacrest* petitioner's status to eligible for early

release consideration, despite a two-point enhancement to petitioner's sentence for possession of a

firearm, due to the Tenth Circuit's decision in *Ward v. Booker*, 202 F.3d 1249 (10th Cir. 2000).  *Id*.

After the Supreme Court's decision in *Lopez v. Davis*, 531 U.S. 230 (2001) which determined the

BOP "may categorically exclude prisoners based on their preconviction conduct" from RDAP, the

BOP advised the *Seacrest* petitioner that he was ineligible for early release due to the weapons

enhancement.  *Id*.  Notably, similar to the Petitioner in the case at hand, the *Seacrest* petitioner

"signed a form acknowledging that his status change was provisional."  *Id*.  (*See also* docket #3 at

16, 17.)  Because the *Seacrest* petitioner's eligibility status was provisional (and the petitioner

clearly had knowledge of such, due to his signature stating so), the Court determined that no

contractual relationship existed and therefore, the BOP did not breach a contract with petitioner

when it changed his status to ineligible for early release.  *Id*.

Similarly, in *Royal v. Scibana*, the Tenth Circuit again addressed the alleged interest of a prisoner in his eligibility for early release upon completion of RDAP.  309 F. App'x 284 (10th Cir. 2009) (unpublished).  In *Royal*, the petitioner challenged the BOP's advisement that he would lose his provisional eligibility because he was being transferred out of a federal correctional institution in the Tenth Circuit to an institution in the Fifth Circuit.  309 F. App'x at 286.  The *Royal* petitioner asserted "that once the BOP notified him of the provisional early release date, he acquired a constitutionally protected liberty interest in that 'award' because it had 'vested.'"  *Id*. at 287.  The *Royal* Court held, "[j]ust as a prisoner does not possess a constitutional right to a reduction of a valid sentence, [*Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998)], a prisoner does not possess a constitutional right to retain *provisional* eligibility for the reduction of a valid sentence."  *Id*. (emphasis in original).  Again, in *Royal*, the Tenth Circuit noted that petitioner's claim was "contravened by [his] signature affirming he understood the provisional nature of his eligibility for early release."  *Id*. at 287 n.6.

In this case, Petitioner Nguyen signed two RDAP notices, one in Victorville and one in Florence.  The Victorville notice, dated October 4, 2006, indicates Petitioner is "provisionally eligible for early release."  (Docket #3 at 16.)  Petitioner then signed a statement acknowledging his understanding "that a determination of early release for me is provisional, [and] may change . . . ." (*Id*.)  The Florence notice is dated June 28, 2007, and determines Petitioner is not provisionally eligible for early release, because of his 2001 conviction in California for "Assault with a Deadly Weapon Other Than a Firearm, Likely to Produce Great Bodily Injury."  (*Id*. at 17.)  Petitioner signed this notice as well.  (*Id*.)

The Tenth Circuit conclusively determined "a prisoner does not possess a constitutional right to retain *provisional* eligibility for the reduction of a valid sentence."  *Royal*, 309 F. App'x at 287.

*See also Fristoe*, 144 F.3d at 630 (determining neither the Constitution nor Section 3621(e) creates a liberty interest in conditional release "before the expiration of a valid sentence").  Without a protected liberty interest, Petitioner's due process claim fails on its face.  *See Fristoe*, 144 F.3d at 630.  In light of these conclusions and the fact that Petitioner had full notice that such eligibility was provisional and subject to change, Petitioner's acknowledgment of the eligibility as provisional precludes any argument based on reliance, expectation, or an alleged liberty interest.  Therefore, the Court concludes Petitioner's assertion that the revocation of his provisional eligibility for early release violated a liberty interest lacks merit and should be dismissed.

### B.    *Alleged Ex Post Facto Clause Violation*

Petitioner asserts that Respondent applied a "new RDAP regulation promulgated and enacted on July 1, 2008," to his original eligibility determination made on October 10, 2006.  (Docket #17 at 5-6.)  Petitioner argues that such application violates the *Ex Post Facto* Clause.  U.S. Const. art. 1, § 9 cl. 3.  Petitioner believes Respondent's decision applied impermissibly retroactively, which disadvantaged Petitioner as a criminal offender.  (Docket #17 at 5.)

In *Seacrest*, the Tenth Circuit determined the BOP did not violate the *Ex Post Facto* Clause when it refused the benefit of a sentence reduction to the petitioner in that matter, because "the decision did not affect the legal definition of the crime [petitioner] committed or increase his punishment."  30 F. App'x at 756 (citing *California Dep't of Corr. v. Morales*, 514 U.S. 499, 504-05 (1995) (restating prior holding that the *Ex Post Facto* Clause "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" (citations omitted))).  *See also Fristoe*, 144 F.3d at 630 (rejecting Section 2241 petitioner's claim of an *Ex Post Facto* Clause violation ).  As revoking the provisional eligibility for early release did not alter the definition of the crime to which Petitioner pled guilty, nor did it increase the punishment for his

crime, Petitioner's argument that Respondent violated the *Ex Post Facto* Clause lacks merit and should be dismissed.

### C.    *Petitioner's 2001 California Conviction*

In response to an internal administrative remedy request filed by Petitioner seeking early release eligibility, the BOP explained that Section 3621(e) of 18 U.S.C. bestows discretion on the Director of the BOP to grant a sentence reduction upon the successful completion of RDAP. (Docket #3 at 19.)  Pursuant to this discretion, the BOP precludes inmates from early release eligibility if the inmate "has a prior adult misdemeanor or felony conviction for . . . aggravated assault."[5]  (*Id.*)  According to the BOP, Petitioner's 2001 conviction equates to aggravated assault, thus, the BOP determined Petitioner's ineligibility for early release.  (*Id.*)

In his reply, Petitioner briefly contests Respondent's determination.  Petitioner claims his "prior California conviction for assault simply does not meet the threshold determination for aggravated assault within the meaning and context of 28 CRF [sic] § 550.58(a)(1)." (Docket #17 at 3.)  The Florence institution Notice, signed by Petitioner, described Petitioner's 2001 California conviction as "Assault with a Deadly Weapon Other Than a Firearm, Likely to Produce Great Bodily Injury."  (Docket #3 at 17.)

The Supreme Court previously held that the BOP "may categorically exclude prisoners based on their preconviction conduct," in its implementation of Section 3621(e) of 18 U.SC.  *Lopez*, 531 U.S. at 244.  The Tenth Circuit recognized Section 3621(e) conveys "unfettered discretion" onto the

---

[5]This conclusion derives from the plain language of 18 U.S.C. § 3621(e)(2)(B), stating "[t]he period a prisoner convicted of a *nonviolent offense* remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may be not be more than one year from the term the prisoner must otherwise serve."  (Emphasis added).

decisionmaker responsible for determining whether to reduce an inmate's sentence. *Fristoe*, 144 F.3d at 630.   Respondent correctly states that, pursuant to the regulations issued under Section 3621(e), "an inmate is eligible for a sentence reduction, not to exceed 12 months, if the inmate (1) has been convicted of a nonviolent offense, (2) has been determined to have a substance abuse problem, and (3) has successfully completed a residential drug abuse treatment program during his current commitment."  (Docket #15 at 4.)  In evaluating "nonviolent offense," as stated in both the regulation and the statute, BOP staff review "available documents containing an inmate's criminal history," such as the Presentence Investigation Report.  (*Id*. at 5.)  The government represents that the BOP compares the state law elements of the prior conviction to the elements described in the Federal Bureau of Investigation Uniform Crime Reports, in order to draw its conclusion of whether the inmate was previously convicted of an offense not categorized as "nonviolent," which would then exclude the inmate from the early release incentive offered by Section 3621(e).  (*Id*. at 5-6.)

According to the Administrative Remedy Response submitted by Petitioner in support of his application, Program Statement 5330.10 establishes that an inmate previously convicted of aggravated assault is not eligible for early release.  (Docket #3 at 19.)  Contrary to Petitioner's assertion that his 2001 California conviction "simply does not meet the threshold determination for aggravated assault," the definition of the 2001 conviction established by California Penal Code § 245 (a)(1) compares directly to the Uniform Crime Reports's definition of aggravated assault.  (*See* docket #15 at 7.)  In light of the "unfettered discretion" conveyed to Respondent by Section 3621(e), as well as the plain language defining Petitioner's prior conviction, the Court finds Petitioner's claim that his prior conviction does not constitute an aggravated assault for the purposes of Section 3621(e) lacks merit and should be dismissed.

## IV.    Conclusion

Accordingly, for the reasons stated above, the Court **RECOMMENDS** Petitioner John

Nguyen's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [filed October 24,

2008; docket #3] be **DENIED**.

Dated at Denver, Colorado, this 3rd day of August, 2009.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge